# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DARRELL DAVIS,**

    **Plaintiff,**

**v.**    Case No: 6:15-cv-1936-Orl-22DCI

**WESTFIELD INSURANCE COMPANY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:**   **MOTION ON ENTITLEMENT TO ATTORNEY'S FEE AND COSTS (Doc. 42)**
>
> **FILED:**   **January 20, 2017**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### Factual and Procedural Background

On October 14, 2015, Plaintiff Darrell Davis filed the Complaint against Defendant Westfield Insurance Company in state circuit court in Seminole County, Florida. Docs. 1-1; 2. On November 16, 2015, Defendant removed the case to this Court on the basis of this Court's diversity jurisdiction. Doc. 1. At core, the Complaint concerns a single claim related to an insurance policy and water loss at a warehouse in Sanford, Florida. Doc. 2.

Following removal, the parties engaged in motion practice (*see, e.g.*, Docs. 13; 26) and discovery (*see, e.g.*, Docs. 23; 36). On October 28, 2016, Defendant moved for summary

judgment. Doc. 34. Plaintiff, however, failed to respond to the motion for summary judgment and, instead, filed an untimely motion to compel a deposition and, in doing so, also failed to comply with Local Rule 3.01(g). Doc. 36.

On December 15, 2016, the Court entered an order granting summary judgment in favor of Defendant and against Plaintiff. Doc. 38. The next day, as directed by the Court, the Clerk entered judgment in favor of Defendant and against Plaintiff, and closed the case. Doc. 39.

On December 30, 2016, Defendant filed a timely motion for attorney fees. Doc. 40. But on the next business day that motion was denied without prejudice by the undersigned for a failure to comply with Local Rule 3.01(g). Doc. 41. Defendant was permitted to re-file its motion, but, if Defendant chose to do so, Defendant was directed set forth a detailed basis for the requested fee, which was lacking in the original motion. *Id*.

On January 20, 2017, Defendant filed the Motion on Entitlement to Attorney's Fee and Costs (the Motion) that is now before the undersigned. Doc. 42. In the Motion, Defendant asserts that it is entitled to its attorney fees and costs in this matter because, on April 26, 2016, it served upon Plaintiff (and Plaintiff failed to accept) a proposal for settlement that complied with Florida law and offered the sum of $2,500.00 to completely settle this litigation. *Id*. Defendant seeks its attorney fees from April 26, 2016 through the conclusion of this litigation (in which Defendant prevailed) and it's costs allowable under 28 U.S.C. § 1920 – amounts totaling $16,459.00 in attorney fees and $2,364.29 in costs. *Id*. Defendant attached to the Motion the operative proposal for settlement (Doc. 42-1), a declaration of lead counsel concerning the requested fees and costs that includes, as attachments, detailed billing records (Docs. 42-2; 42-3), and a bill of costs that includes, as attachments, detailed records of the requested costs (Doc. 42-4). As with Defendant's motion for summary judgment, Plaintiff failed to respond to the Motion. Accordingly,

Defendant's request is unopposed. After an independent review of Defendant's requests set forth in the Motion, and for the reasons that follow, the undersigned recommends that Defendant's motion be granted.

**Discussion**

    a. **Entitlement to Attorney Fees**

In a diversity case such as this, Florida Statutes "[s]ection 768.79 governs offers of judgment, while Florida Rule of Civil Procedure 1.442 sets forth procedures implementing the statute." *Primo v. State Farm Mut. Auto. Ins. Co.*, 661 F. App'x 661, 664 (11th Cir. 2016) (citing *Audiffred v. Arnold*, 161 So.3d 1274, 1277 (Fla. 2015)).[1] Pursuant to section 768.79, an offer must:

> (a) Be in writing and state that it is being made pursuant to this section.
>
> (b) Name the party making it and the party to whom it is being made.
>
> (c) State with particularity the amount offered to settle a claim for punitive damages, if any.
>
> (d) State its total amount.

Fla. Stat. § 768.79(2). Further, "[t]he offer shall be construed as including all damages which may be awarded in a final judgment." *Id*. Rule 1.442 dictates the form and content of a proposal for settlement:

> (1) A proposal shall be in writing and shall identify the applicable Florida law under which it is being made.
>
> (2) A proposal shall:
>
> > (A) name the party or parties making the proposal and the party or parties to whom the proposal is being made;

---

[1] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

- 3 -

> (B) state that the proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served, subject to subdivision (F);
>
> (C) state with particularity any relevant conditions;
>
> (D) state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal;
>
> (E) state with particularity the amount proposed to settle a claim for punitive damages, if any;
>
> (F) state whether the proposal includes attorneys' fees and whether attorneys' fees are part of the legal claim; and
>
> (G) include a certificate of service in the form required by rule 1.080.

Fla. R. Civ. P. 1.442(c). The Rule "applies to all proposals for settlement authorized by Florida law, regardless of the terms used to refer to such offers, demands, or proposals, and supersedes all other provisions of the rules and statutes that may be inconsistent with this rule." Fla. R. Civ. P. 1.442(a). The Florida Supreme Court has held that, "The language of section 768.79, as well as Florida Rule of Civil Procedure 1.442, must be strictly construed because those provisions are in derogation of the common law rule that a party is responsible for its own attorney's fees, and because they are penal in nature." *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 372 (Fla. 2013).

In an unpublished decision, the Eleventh Circuit recently stated persuasively that, "While we must strictly construe both § 768.79 and Rule 1.442, *see Campbell* [*v. Goldman*, 959 So.2d 223, 226 (Fla. 2007)], we find no authority requiring that a proposal recite the specific words used by the statute or rule." *Primo*, 661 F. App'x at 665. The Circuit went on to explain its reasoning in a number of contexts:

> The rule commands that certain information be conveyed but does not dictate the words to be used. For example, a proposal must "state with particularity any

> relevant conditions" and "all nonmonetary terms of the proposal," and it must "state whether the proposal includes attorneys' fees." Fla. R. Civ. P. 1.442(c)(2)(C), (D), (F). Furthermore, "[a] joint proposal shall state the amount and terms attributable to each party." Fla. R. Civ. P. 1.442(c)(3). While a proposal must strictly comply with these terms, the statute leaves the wording up to the offeror. And unlike Rule 1.442(c)(2)(E), which requires a proposal to "state with particularity the amount proposed to settle a claim for punitive damages, if any," Rule 1.442(c)(2)(B) contains no particularity requirement that would effectively require a proposal to detail how other types of damages are allocated (e.g., general or special damages). *Cf. R.J. Reynolds Tobacco v. Ward*, 141 So.3d 236, 237–39 (Fla. 1st DCA 2014) (because punitive damages are required to be stated with particularity, a proposal for settlement was required to specify what portion of the total settlement would be allocated to punitive damages). We thus reject Plaintiff's argument that Rule 1.442(c)(2)(B) supplies specific "mandatory" language.

*Primo*, 661 F. App'x at 665-66. The Florida Supreme Court has similarly explained that while the proposal must be sufficiently clear and free of ambiguity to allow the offeree the opportunity to fully consider the proposal, the court has never required the elimination of every ambiguity – only reasonable ambiguities. *Anderson v. Hilton Hotels Corp.*, 202 So.3d 846, 852-53 (Fla. 2016).

Here, upon an independent review of the attached proposal for settlement (Doc. 42-1), and with no opposition from Plaintiff, the undersigned finds that the proposal for settlement complies strictly with Florida law and, specifically, all of the requirements set forth in Rule 1.442 and section 768.79(2).

**b. The Calculation of a Reasonable Attorney Fee**

The Court uses the familiar "lodestar" method in determining a reasonable fee award, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).[2] The party moving for fees has the

---

[2] Florida has adopted the federal lodestar method for calculating reasonable attorney fees. *See e.g.*, *Fla. Patient's Comp. Fund v. Rowe*, 472 So.2d 1145, 1150 (Fla. 1985).

burden of establishing that the hourly rates and hours expended are reasonable. *See Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

"[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (quotations and citation omitted). In determining if the requested rate is reasonable, the Court may consider the applicable *Johnson* factors and may rely on its own knowledge and experience. *Norman*, 836 F.2d at 1299-1300, 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.") (quotations and citation omitted); *see Johnson v. Ga. Highway Express, Inc.*, , 717-19 (5th Cir. 1974).[3] "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates," which must be more than just "the affidavit of the attorney performing the work." *Norman*, 836 F.2d at 1299 (citations omitted). Instead, satisfactory evidence generally includes evidence of the rates charged by lawyers in similar circumstances, or opinion evidence of reasonable rates. *Id*.

---

[3] The *Johnson* factors are: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. The Eleventh Circuit has subsequently explained that "district courts may, but are not required to, consider [the *Johnson*] factors since many 'usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.'" *Mock v. Bell Helicopter Textron, Inc*., 456 F. App'x 799, 801 (11th Cir. 2012) (quoting *ADA v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 n.1 (11th Cir. 2006)).

As for the hours reasonably expended, counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. In demonstrating that their hours are reasonable, counsel "should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Likewise, a party opposing a fee application should also submit objections and proof that are specific and reasonably precise. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). A fee opponent's failure to explain with specificity the particular hours he or she views as "unnecessary or duplicative" is generally fatal. *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002) (citing *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387 (11th Cir. 1997)). "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary." *Barnes*, 168 F.3d at 428 (quotations omitted). There is a strong presumption that the lodestar figure is reasonable. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553-54 (2010).

    *i. Reasonable Hourly Rates*

Here, Defendant seeks the following rates for its counsel and paralegal: For attorney Pablo Caceras, Defendant seeks an hourly rate of $190 per hour. Doc. 42. Mr. Caceras is a partner at his firm, has 24 years' experience handling first party property, bad faith, and third party coverage actions in state and federal courts in Florida. *Id*. For attorney Hudson Jones, Defendant seeks an hourly rate of $175 per hour; Ms. Jones, who handled the vast majority of work on this case, is a senior associate at her firm. *Id*. For paralegal Heather Gutkes, Defendant seeks an hourly rate of $90 per hour. *Id*. In Mr. Caceras' declaration, he avers that the requested rates are at or below the

prevailing rate in in Central Florida in these types of cases. Doc. 42-2. Plaintiff has not opposed these requested rates. The undersigned, drawing on the Court's experience deciding these disputes as well as the submitted documentation and the lack of an opposition to the requested rates, finds that the requested rates are reasonable in this case.

    ii.    *Reasonable Number of Hours Billed*

In the Motion, Defendant seeks recovery of attorney fees for the following hours (shown with the requested rates):

|  | Hours | Rate |
|---|---|---|
| Pablo Caceras (partner) | 0.3 | $190.00 |
| Hudson Jones (senior associate) | 91.0 | $175.00 |
| Heather Gutkes (paralegal) | 5.4 | $90.00 |

Doc. 42 at 3. In total, Defendant seeks $16,459.00 for 96.7 hours of work. *Id.* This work includes only billable time from April 28, 2016, through and including December 16, 2016. Doc. 42-3. Notably, this does not include time related to Defendant's requests for fees and costs. Further, Mr. Caceras asserts in his affidavit that he did not include in the Motion the time he spent supervising Ms. Hudson and Ms. Gutkes, and the truth of this claim is borne out in the fact that Defendant is seeking to recover only 0.3 hours of time Mr. Caceras spent in this litigation. Doc. 42-2 at 2.

After a review of the detailed billing records submitted in support of the Motion (Doc. 42-3), the undersigned finds that the hours claimed by Defendant – none of which are objected-to by Plaintiff – are reasonable.

### c. The Calculation of Reasonable Costs

The determination of the amount of costs is controlled by federal law in a diversity case. *See* Fed. R. Civ. P. 54(d). Rule 54(d)(1) allows for an award of costs for a prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. *See Durden v. Citicorp Trust Bank, FSB*, No. 3:07-cv-974-J-34JRK, 2010 WL 2105921, at *1 (M.D. Fla. Apr. 26, 2010) (stating that Rule 54 establishes a presumption that costs should be awarded unless the district court decides otherwise (citing *Chapman v. Al Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000))).

Here, Defendant is the prevailing party in this case and is entitled to costs under Rule 54(d). *See Powell v. Carey Int'l, Inc.*, 548 F. Supp. 2d 1351, 1356 (S.D. Fla. 2008) (stating that a prevailing party is one who "prevailed on 'any significant issue in the litigation which achieved some of the benefit the parties sought in bringing suit.'" (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 79 1 (1989))). "[A] court may only tax costs as authorized by statute." *EEOC v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). Thus, a district court may not award costs under Rule 54 "in excess of those permitted by Congress under 28 U.S.C. § 1920." *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987)). Section 1920 specifies which costs are recoverable, and provides as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1)     Fees of the clerk and marshal;
>
> (2)     Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3)     Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. When challenging whether costs are properly taxable, the burden lies with the challenging party. *Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc.*, 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005). And "the district court's discretion not to award the full amount of costs incurred by the prevailing party is not unfettered, 'since denial of costs is in the nature of a penalty for some defection on [the prevailing party's] part in the course of the litigation.'" *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000) (quoting *Walters v. Roadway Express, Inc.*, 557 F.2d 521, 526 (5th Cir. 1977)) (internal citation omitted) (alteration in original).[4] To defeat the presumption and deny some or all costs, a district court must have and state a sound basis for doing so. *Id*.

Yet the party seeking costs must provide sufficient detail and documentation regarding the requested costs so the opposing party may challenge the costs and the court may conduct a meaningful review of the costs. *Lee v. Am. Eagle Airlines, Inc.*, 93 F. Supp. 2d 1322, 1335-36 (S.D. Fla. 2000). The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994). Failure to provide sufficient detail or "supporting documentation verifying

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

the costs incurred and the services rendered can be grounds for denial of costs." *Pelc v. Nowak*, No. 8:11-CV-79-T-17TGW, 2013 WL 3771233, at *5 (M.D. Fla. July 17, 2013) (citing *Johnson v. Mortham*, 173 F.R.D. 313, 318 (N.D. Fla. 1997)).

Here, Defendant is seeking $2,364.29 in costs, in the following categories: $400.00 filing fee; $1,020.00 for the service of subpoenas; $662.02 for deposition transcripts; and $282.27 for copies. Doc. 42-2. Defendant's requests are supported by detailed records from Mr. Caceras' firm tracking those costs. Doc. 42-4. Again, Plaintiff did not object to any of the requested costs. It appears to the undersigned that all of the requested costs are reasonable and fall within the purview of § 1920(2).

**Conclusion**

The undersigned finds that the proposal for settlement strictly complies with section 768.79 and Rule 1.442. The undersigned also finds that the proposal for settlement was made in good faith. The undersigned further finds that the hourly rate and hours billed by Defendant's counsel, none of which were objected to by Plaintiffs, are reasonable given the experience and expertise of counsel and the nature of the discovery and pretrial litigation involved in this case. Finally, the undersigned finds that all of the requested costs are reasonable and fall within the purview of section 1920(2).

Accordingly, upon due consideration, the undersigned respectfully **RECOMMENDS** that the Motion (Doc. 42) be **GRANTED**, and that Defendant Westfield Insurance Company be **awarded $16,459.00 in attorney fees and $2,364.29 in costs**.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 2, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy